THOS. SMARDON *v.* C. GREEN et. al.

When a Sheriff's keeper's claim is resisted, the more regular mode of establishing it is, by rule on both parties to the suit in which the property was seized.

The Sheriff's charges for keeping are not forfeited, under the Act of 18th March, 1852, Sec. 1, by the failure to return the amount thereof into Court. That Act only applies to fees accruing on any " process or paper" returned into Court.

APPEAL from the District Court of St. Mary, *Voorhies*, J.
    *H. C. Wilson*, for plaintiff and appellant.   *J. G. Olivier*, for defendant.

SPOFFORD, J.   The object of. the rule in this case was to make the Sheriff of St. Mary liable for a large amount of costs incurred by reason of the provisional

SMARDON
v.
GREEN.

seizure of a schooner, which was finally sold, on twelve months' credit, to satisfy a judgment obtained by the plaintiff against *Green & Landrum*.

The bond was not large enough to cover the plaintiff's judgment, and the costs alleged by the Sheriff to be due. He retained the costs and paid the balance of the proceeds to the plaintiff.

The chief item in dispute is the sum of $276, paid to *A. Gates*, as keeper of the schooner, while under seizure, at the rate of $1 50 per day.

The services are proved to have been fully worth the amount claimed, and, from the nature of the property seized, they were clearly necessary. It is also proved that the Sheriff paid the sum, after a final judgment against him, at the suit of *Gates*, which he contested.

The argument of the counsel for the plaintiff, (who appeals from a judgment averse to his pretensions,) is based mainly upon the statute of March 18th, 1852. (Sess. Acts, p. 224.) The first section declares : " That the Sheriffs of the District Courts throughout the State, shall, whenever they return a paper or process into court, endorse thereon the specified items of fees claimed by them that may have accrued on said process or paper, and in default thereof, or if such fees are overcharged, the same shall be forfeited, and the said Sheriff forever barred from collecting the item of fees so omitted or overcharged."

· This section does not meet the present case. The keeper's fees are not fees claimed by the Sheriff, which had accrued on any process or paper.

The third section of the same Act says: " that the costs of the Clerk, Sheriff, witnesses' fees, costs of taking depositions and copies of Acts used on the trial, and all other costs allowed by the court, shall be taxed as costs."

It would have been more regular for the keeper to have had his costs taxed on a rule against both parties in the suit, under which his appointment took place. The Sheriff resisted his demand and he sued the Sheriff. The latter could not endorse the amount on any paper or process, until he knew what the court would allow, and the judgment against him was not rendered until long after the twelve months' bond was taken, when it was endorsed thereupon.

In this suit the bill has been again litigated contradictorily with the plaintiff, and, as we have already remarked, we think the claim a just one.

The judgment appealed from is, therefore, affirmed with costs.